JEFFREY G. KNOWLES (State Bar No. 129754)
ANDREW SCHALKWYK (State Bar No. 287170)
COBLENTZ PATCH DUFFY & BASS LLP
One Montgomery Street, Suite 3000
San Francisco, California 94104-5500
Telephone: 415.391.4800
Facsimile:  415.989.1663
Email:      ef-jgk@cpdb.com
            ef-aps@cpdb.com

**Attorneys for the Plaintiff**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| HENRY SCHEIN, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>JENNIFER COOK, an individual,<br><br>Defendant. | CASE NO:<br><br>**NOTICE OF APPLICATION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION AND EXPEDITED DISCOVERY PURSUANT TO FRCP 26(d)**<br><br>Date:  June 9, 2016<br>Time:  9:00 am<br>Crtm: |

**APPLICATION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR PRELIMINARY INJUNCTION AND EXPEDITED DISCOVERY PURSUANT TO FRCP 26(D)**

# APPLICATION

**TO DEFENDANT AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on June 10, 2016 at 9:00 am, or as soon thereafter as counsel may be heard, in Courtroom __ of the San Francisco Courthouse of the above-captioned Court, located at 450 Golden Gate Avenue, San Francisco, California 94102, plaintiff Henry Schein, Inc. (the "Plaintiff" or "HSI") will and hereby does move this Court, pursuant to Rule 65 of the Federal Rules of Civil Procedure and Local Rule 65-1, for (a) a temporary restraining order; (b) an order allowing certain expedited discovery; and (c) an order to show cause why a preliminary injunction should not issue against Defendant Jennifer Cook (the "Defendant" or "Cook") on the grounds that unless Cook is enjoined, HSI will continue to suffer irreparable injury and key evidence may be lost.

In the days leading up to and immediately after her resignation from HSI, Cook digitally looted HSI's confidential and proprietary documents, including trade secrets, and transferred this proprietary information to her personal computers and private email accounts.  She then attempted to cover her tracks, deleting from her Henry Schein email account  incriminating emails showing that she was stealing Plaintiff's confidential data and reports. In addition, while employed by Plaintiff HSI, Cook solicited and attempted to divert HSI customers to a competitor, Patterson Dental ("Patterson"), deleted HSI ordering icons from certain customers' computers, and discarded all HSI ordering materials from the offices of certain customers.  Cook now works for HSI's competitor Patterson, and HSI has reason to believe that its misappropriated information will be used to transfer customer relationships – as a practical matter, permanently – from HSI to Patterson.

Cook's actions are clear violations of, among other things: her duty of loyalty to HSI; her several confidentiality agreements with HSI; HSI business standards with which she agreed to comply; the federal Defend Trade Secrets Act, 18 U.S.C. §§ 1836 *et seq.*; and California's

---

**APPLICATION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR PRELIMINARY INJUNCTION AND EXPEDITED DISCOVERY PURSUANT TO FRCP 26(D)**                                1

Uniform Trade Secrets Act, Cal. Civ. Code §§ 3426.1 *et seq.*, and Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*, each of which independently provides a basis for the requested injunctive relief.

This Motion is made on an urgent basis, and seeks initial restraints pursuant to Rule 65(b)(1), due to the immediate need to prevent further irreparable harm, and to prevent Defendant Cook from further attempting to destroy evidence.

On this Motion, Plaintiff requests a temporary restraining order:

1. restraining and enjoining Cook, and all those acting in concert or participation with her, from altering, destroying, or disposing of any evidence or other materials, in any form, relating to this action and the issues raised herein, including, without limitation, all devices, electronic media, cloud storage, and all copies of any and all documents, media and/or other materials, containing, identifying, describing, reflecting or referencing HSI's confidential, proprietary, or trade secret information, and any and all documents, data and information which was obtained by Cook from, or by virtue of her employment with, HSI, including all current or archived media, emails, chats, texts, documents, electronic logs, metadata, storage and directories; and

2. directing a forensics expert under the direction of the Court, using a protocol directed by the Court or agreed to by the parties: (i) to take possession of, forensically "clone" or mirror image, and then return to defendant; and then (ii) to search for and identify Plaintiff's data, information, documents, materials and any material derived therefrom, in the  "cloned" or mirror images of: Cook's two personal email accounts, jenncook9@gmail.com and jennlcook@aol.com, and any other email accounts for Cook as may be discovered hereafter; Cook's iPad, iPhone, personal computers, other mobile devices (including phones and tablets), and any other computer drive, both

**APPLICATION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR PRELIMINARY INJUNCTION AND EXPEDITED DISCOVERY PURSUANT TO FRCP 26(D)** 2

local, or stored in an offsite server or the "cloud", in Cook's possession, custody, or control, or that was subject to her use, and that was used to access or store, even temporarily, HSI's confidential, proprietary, or trade secret information; and

3. directing Cook, and all those acting in concert or participation with her, to take all necessary steps to preserve documents, data, tangible things, and other materials relating to this case, including without limitation emails and paper and electronic documents and data, including any and all metadata;

4. restraining and enjoining Cook, and all those acting in concert or participation with her, from directly or indirectly accessing, using, disclosing, or making available to any person or entity other than Plaintiff, any of HSI's confidential, proprietary, or trade secret documents, data or information;

5. restraining and enjoining Cook, and all those acting in concert or participation with her, from directly or indirectly violating or interfering with the confidentiality obligations of her agreements with HSI;

6. restraining and enjoining Cook, and all those acting in concert or participation with her, from, directly or indirectly, soliciting, continuing to solicit, initiating contact with, or accepting business from, any HSI customers whose accounts were assigned to her while she was employed by HSI.

Plaintiff also requests an order, pursuant to Federal Rule of Civil Procedure 26(d)(1), allowing for expedited, limited discovery as follows:

1. permitting a forensics e-discovery expert (i) to take immediate possession of, forensically "clone" or mirror image, and then return to defendant; and then (ii) using a protocol directed by the Court or agreed to by the parties, search for and identify Plaintiff's data, information, documents, materials and any material derived therefrom,

in the "cloned" or mirror images of: Cook's two personal email accounts, jenncook9@gmail.com and jennlcook@aol.com, and any other email accounts for Cook as may be discovered hereafter; Cook's iPad, iPhone, personal computers, other mobile devices (including phones and tablets), and any other computer drive, both local, or stored in an offsite server or the "cloud", in Cook's possession, custody, or control, or that was subject to her use, and that was used to access or store, even temporarily, HSI's confidential, proprietary, or trade secret information; and

2. permitting HSI to subpoena, on an expedited and immediate basis, non-party Patterson Dental, and the Patterson Companies, Inc., and to serve expedited discovery demands on Defendant Cook, to obtain discovery pertaining to whether and to what extent: Cook has disclosed HSI's confidential, proprietary and trade secret documents and information to Patterson or its agents; Cook and Patterson or others acting in concert or participation with them, have possession of and/or have made use of or benefitted from, HSI's confidential, proprietary and trade secret, documents and information.

Plaintiff further requests an order, directing Cook to show cause as to why an order should not be issued:

1. restraining and enjoining Cook, and all those acting in concert or participation with her, from destroying, or disposing any evidence or other materials, in any form, relating to this action and the issues raised herein, including, without limitation, all devices, electronic media, cloud storage, and all copies of any and all documents, media and/or other materials, containing, identifying, describing, reflecting or referencing HSI's confidential, proprietary, or trade secret information, and any and all documents, data and information which was obtained by Cook from, or by virtue of her employment with, HSI, including all current or archived media,

**APPLICATION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR PRELIMINARY INJUNCTION AND EXPEDITED DISCOVERY PURSUANT TO FRCP 26(D)**     4

emails, chats, texts, documents, electronic logs, metadata, storage and directories;

2. restraining and enjoining Cook, and all those acting in concert or participation with her, from accessing, disclosing, making available to any person or entity, or using any of HSI's confidential, proprietary, or trade secret documents or information;

3. restraining and enjoining Cook, and all those acting in concert or participation with her, from violating her confidentiality agreements obligations HSI, including without limitation the portions of her agreements prohibiting the use or disclosure of HSI's confidential, proprietary, or trade secret information;

4. restraining and enjoining Cook, and all those acting in concert or participation with her, from, directly or indirectly, soliciting, continuing to solicit, initiating contact with, or accepting business from, any HSI customers whose accounts were assigned to her while she was employed by HIS; and

5. directing Cook, and all those acting in concert or participation with her, to deliver immediately to HSI, all copies of all documents, materials and other media, whether in paper form or in an electronic medium, containing HSI confidential, proprietary, or trade secret information that Cook possesses or has in her custody or control.

The purpose of this request is: to preserve all evidence on the computers, media and computer systems of Defendant Cook, and all those acting in concert or participation with her, before any further data, documents or records are destroyed; to determine whether any additional evidence was destroyed, modified, or removed; and to identify and attempt to limit the further irreparable harm to Plaintiff's good will, customer relationships and trade secret information, which is threatened by Cook's conduct, and that of those acting in concert or participation with her, and by her misappropriation of Plaintiff's confidential, proprietary, or trade secret documents

**APPLICATION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR PRELIMINARY INJUNCTION AND EXPEDITED DISCOVERY PURSUANT TO FRCP 26(D)**                          5

and trade secret information.

This Motion is based on the Complaint in this action, the concurrently filed Memorandum of Points and Authorities, Proposed Order, and Declarations of Tracy Brown, Glen Showgren, and Jeffrey Knowles, with accompanying exhibits.

**NOTICE OF APPLICATION**

Notice of Plaintiff's application for a Temporary Restraining Order ("TRO") was given in accordance with Local Rule 65-1(b), which states that, unless relieved by the Court for good cause shown, "on or before the day of an ex parte motion for a TRO, counsel applying for the temporary restraining order must deliver notice of such motion to opposing counsel or party."  As set forth in the accompanying Declaration of Jeffrey Knowles, Plaintiff took the following steps to notify Defendant that Plaintiff would be applying for a TRO and preliminary injunction in the United States District Court for the Northern District of California, San Francisco, on Friday, June 10, 2016: On Thursday June 9, 2016 Plaintiff sent copies of the Complaint, this Motion (except not including this paragraph regarding Notice of Application), the Memorandum of Points and Authorities, Proposed Order, and Declarations of Tracy Brown and Glen Showgren, by email to jenncook9@gmail.com, which is believed to be an email account owned and used by Defendant. Plaintiff also caused copies of these same papers to be hand delivered to her last known home address in Novato, California by registered process server.

DATED: June 9, 2016              COBLENTZ PATCH DUFFY & BASS LLP

                                 By:      /s/ Jeffrey G. Knowles
                                     Jeffrey G. Knowles
                                     Attorneys for Plaintiff Henry Schein, Inc.

**APPLICATION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR PRELIMINARY INJUNCTION AND EXPEDITED DISCOVERY PURSUANT TO FRCP 26(D)**                                6