JEFFREY G. KNOWLES (State Bar No. 129754)
ANDREW SCHALKWYK (State Bar No. 287170)
COBLENTZ PATCH DUFFY & BASS LLP
One Montgomery Street, Suite 3000
San Francisco, California 94104-5500
Telephone: 415.391.4800
Facsimile: 415.989.1663
Email:   ef-jgk@cpdb.com,
         efilingaps@cpdb.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| HENRY SCHEIN, INC., <br><br> Plaintiff, <br><br> v. <br><br> JENNIFER COOK, <br><br> Defendant. | Case No. <br><br> **[PROPOSED] ORDER GRANTING APPLICATION FOR (1) TEMPORARY RESTRAINING ORDER, (2) EXPEDITED DISCOVERY, AND (3) ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION** <br><br> Trial Date:   None Set |

**TO ALL DEFENDANTS AND THEIR ATTORNEYS OF RECORD:**

This matter came before this Court on the Application of Plaintiff Henry Schein, Inc. ("HSI" or "Plaintiff"), on notice to Defendant Jennifer Cook ("Cook" or "Defendant"), seeking a Temporary Restraining Order, Order for Expedited Discovery, and Order to Show Cause why a preliminary injunction should not be issued (the "Application"). A hearing was held before this Court on June 10, 2016. Having considered Plaintiff's Application, supporting memorandum of points and authorities, supporting declarations and exhibits, Complaint, and other papers submitted therewith, as well as the arguments submitted by Defendants, this Court **GRANTS** the Application as follows:

**IT IS HEREBY ORDERED THAT DEFENDANT JENNIFER COOK** appear before this Court on June __, 2016, at __:__ _.m, or as soon thereafter as the matter may be heard, in Courtroom __ of the above-entitled court located at 450 Golden Gate Avenue, San Francisco, CA 94102, then and there to show cause, if any there be, why an order should not be made and entered, pursuant to Federal Rule of Civil Procedure 65:

1. restraining and enjoining Cook, and all those acting in concert or participation with her, from destroying, or disposing any evidence or other materials, in any form, relating to this action and the issues raised herein, including, without limitation, all devices, electronic media, cloud storage, and all copies of any and all documents, media and/or other materials, containing, identifying, describing, reflecting or referencing HSI's confidential, proprietary, or trade secret information, and any and all documents, data and information which was obtained by Cook from, or by virtue of her employment with, HSI, including all current or archived media, emails, chats, texts, documents, electronic logs, metadata, storage and directories;

2. restraining and enjoining Cook, and all those acting in concert or participation with her, from accessing, disclosing, making available to any person or entity, or using any of HSI's confidential, proprietary, or trade secret documents or information;

3. restraining and enjoining Cook, and all those acting in concert or participation with her, from violating her confidentiality agreements obligations HSI, including without

limitation the portions of her agreements prohibiting the use or disclosure of HSI's confidential, proprietary, or trade secret information;

4. restraining and enjoining Cook, and all those acting in concert or participation with her, from, directly or indirectly, soliciting, continuing to solicit, initiating contact with, or accepting business from, any HSI customers whose accounts were assigned to her while she was employed by HIS; and

5. directing Cook, and all those acting in concert or participation with her, to deliver immediately to HSI, all copies of all documents, materials and other media, whether in paper form or in an electronic medium, containing HSI confidential, proprietary, or trade secret information that Cook possesses or has in her custody or control.

**IT IS FURTHER ORDERED THAT DEFENDANT COOK,** and all those acting in concert or participation with her, shall, pursuant to Federal Rule of Civil Procedure 26(d)(1): immediately preserve all documents, data, tangible things, and other materials relating to this case, including, without limitation, emails, data, data bases, cloud storage, and paper and electronic data and documents, including any and all metadata, and shall take all steps necessary to do so.

**IT IS FURTHER ORDERED** that pending the hearing of June __, 2016 and ruling on Plaintiff's request for a preliminary injunction, the Court hereby:

1. restrains and enjoins Cook, and all those acting in concert or participation with her, from altering, destroying, or disposing of any evidence or other materials, in any form, relating to this action and the issues raised herein, including, without limitation, all devices, electronic media, cloud storage, and all copies of any and all documents, media and/or other materials, containing, identifying, describing, reflecting or referencing HSI's confidential, proprietary, or trade secret information, and any and all documents, data and information which was obtained by Cook from, or by virtue of her employment with, HSI, including all current or archived media, emails, chats, texts, documents, electronic logs, metadata, storage and directories; and

2. directs a forensics expert under the direction of the Court, using a protocol directed by the Court or agreed to by the parties: (i) to take possession of, forensically "clone" or

mirror image, and then return to defendant; and then (ii) to search for and identify Plaintiff's data, information, documents, materials and any material derived therefrom, in the "cloned" or mirror images of: Cook's two personal email accounts, jenncook9@gmail.com and jennlcook@aol.com, and any other email accounts for Cook as may be discovered hereafter; Cook's iPad, iPhone, personal computers, other mobile devices (including phones and tablets), and any other computer drive, both local, or stored in an offsite server or the "cloud", in Cook's possession, custody, or control, or that was subject to her use, and that was used to access or store, even temporarily, HSI's confidential, proprietary, or trade secret information; and

3. restrains and enjoins Cook, and all those acting in concert or participation with her, from directly or indirectly accessing, using, disclosing, or making available to any person or entity other than Plaintiff, any of HSI's confidential, proprietary, or trade secret documents, data or information;

4. restrains and enjoins Cook, and all those acting in concert or participation with her, from directly or indirectly violating or interfering with the confidentiality obligations of her agreements with HSI;

5. restraining and enjoining Cook, and all those acting in concert or participation with her, from, directly or indirectly, soliciting, continuing to solicit, initiating contact with, or accepting business from, any HSI customers whose accounts were assigned to her while she was employed by HSI.

**IT IS FURTHER ORDERED** that the Temporary Restraining Order provisions set forth herein shall expire at __:__ _.m. on June __, 2016, unless before then Defendant consents, or the Court, for good cause, orders an extension.

**IT IS FURTHER ORDERED** that this Temporary Restraining Order, Order to Show Cause, and Order Granting Expedited Discovery, and all papers HSI has submitted in support of its Motion for the same, shall be personally served on Ms. Cook no later than June __, 2016. HSI shall file proofs of service with the Court no later than June __, 2016, via personal service or via electronic service in conformity with the local rules of this Court.  HSI may file and serve any

Coblentz Patch Duffy & Bass LLP
One Montgomery Street, Suite 3000, San Francisco, California 94104-5500
415.391.4800 • Fax 415.989.1663

reply papers prior to the Show Cause hearing no later than June ___, 2016, via personal service or via electronic service in conformity with the local rules of this Court.

**IT IS FURTHER ORDERED** that no bond need be posted by HSI in connection with this Temporary Restraining Order because the Court finds that there is no risk of monetary loss to the Defendant as a result of the issuance of this Order, and because Defendant so agreed in contracts with HSI.

**IT IS FURTHER ORDERED** that:

1. HSI's Motion for Expedited Discovery is **GRANTED**, and HSI may serve immediately its discovery demands and directions to Cook and Patterson, including:

    a. Directing and permitting a forensics e-discovery expert, (i) to immediately take possession of, forensically "clone" or mirror image, and then return to defendant; and then (ii) using a protocol directed by the Court or agreed to by the parties, search for and identify Plaintiff's data, information, documents, materials and any material derived therefrom, in the "cloned" or mirror images of: Cook's two personal email accounts, jenncook9@gmail.com and jennlcook@aol.com, and any other email accounts for Cook as may be discovered hereafter; Cook's iPad, iPhone, personal computers, other mobile devices (including phones and tablets), and any other computer drive, both local, or stored in an offsite server or the "cloud", in Cook's possession, custody, or control, or that was subject to her use, and that was used to access or store, even temporarily, HSI's confidential, proprietary, or trade secret information; and

    b. HSI may subpoena, on an expedited and immediate basis, non-party Patterson Dental, and the Patterson Companies, Inc., and may serve expedited discovery demands on Defendant Cook, to obtain discovery pertaining to whether and to what extent: Cook has disclosed HSI's confidential, proprietary and trade secret documents and information to Patterson or its agents; Cook and Patterson or others acting in concert or participation with them, have possession of and/or

1 have made use of or benefitted from, HSI's confidential, proprietary and trade secret, documents and information.

2. Cook and Patterson shall serve responses to HSI's discovery requests no later 15 days after service.

**IT IS SO ORDERED** on this __ day of June 2016 at __:__ _.m.

_____
District Judge