UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY SCHEIN, INC., <br><br> Plaintiff, <br><br> v. <br><br> JENNIFER COOK, <br><br> Defendant. | Case No. 16-cv-03166-JST <br><br> **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' APPLICATION FOR TEMPORARY RESTRAINING ORDER AND DENYING REQUEST FOR EXPEDITED DISCOVERY WITHOUT PREJUDICE** <br><br> Re: ECF No. 2 |

Plaintiff Henry Schein, Inc. ("HSI") has applied for a temporary restraining order ("TRO"), alleging that Defendant and former HSI employee Jennifer Cook stole confidential data in violation of trade secret law and employment agreements. ECF No. 2. HSI requests a TRO preventing Cook from accessing, using, or sharing any of this data, as well as early discovery against Cook and her new, non-party employer. The Court will grant the requested TRO and deny the request for early discovery.

## I. BACKGROUND

According to Plaintiff's allegations, Plaintiff HSI "is in the business of marketing, distributing, and selling medical, dental and veterinary supplies and equipment, and other healthcare products, to medical, dental, and veterinary practitioners, and other healthcare professionals and organizations." ECF No. 2-3 ¶ 2. Defendant Cook was hired as a "Field Sales Consultant" with HSI in April 2005, and entered into a Confidentiality and Non-Solicitation Agreement in 2005, as well as a Letter Agreement in 2011 that required her to hold "in strictest confidence" any confidential information "concerning the products, processes, services, business, suppliers, and customers of HSI," and to "neither copy nor take any such material upon leaving Company's employ." ECF No. 2-1 at 9-10. Cook resigned from HSI on May 13, 2016, and began

working for one of HSI's competitors, Patterson Dental ("Patterson"). Id. at 7, 11.

Plaintiff alleges that prior to leaving HSI, Cook "began to loot HSI's confidential, proprietary, and trade secret documents and information with the apparent goal of diverting HSI's customers." On May 10, Cook forwarded from her work email account, to her personal email, "several comprehensive, confidential HSI customer practice reports that were produced using HSI's proprietary software," which all "contained a wide array of confidential and trade secret information." Id. at 11. On May 12, 2016, the day before she resigned, Cook forwarded "numerous additional customer-related reports, including an equipment inventory report, price quotations for prospective customers, and equipment proposals on which HSI was working." Id. On May 13, Cook "logged into HSI's system with HSI's proprietary 'FSC' computer program," which "had the effect of 'updating' onto Cook's laptop, substantial, specific, customer related sales and ordering data from the HSI computer system." Id. She then failed to return her laptop to HSI for two weeks. Id. On May 14, the day after she resigned, Cook "unlawfully accessed the HSI computer system, this time using a web-based 'iPad app' and her company credentials." Id. This type of access "would enable Cook to obtain on her iPad, large amounts of ordering and purchase data for each of the HSI customers that had been assigned to her." Id.

Cook also attempted to erase the e-mails that she sent from her HSI computer. Id. at 12. Before her resignation, Cook "also attempted to divert HSI customers to Patterson," and "visited the offices of certain HSI customers, deleted the HSI product ordering icon from their computer systems and destroyed HSI catalogues and business cards." Id.[1]

On June 9, 2016, the same day HSI applied for a TRO, Plaintiff filed a complaint alleging eight causes of action: (1) Misappropriation of Trade Secrets Under the Defend Trade Secrets Act (DTSA), 18 U.S.C. § 1836, et seq.; (2) Misappropriation of Trade Secrets Under the California Uniform Trade Secrets Act (CUTSA), Cal. Civ. Code § 3426, et seq.; (3) Breach of Fiduciary Duty and Duty of Loyalty; (4) Breach of Written Contract; (5) Breach of Implied Covenant of Good Faith and Fair Dealing; (6) Tortious Interference with Prospective Economic Advantage;

---

[1] HSI's moving papers are notably silent regarding the date on which it discovered Cook's alleged bad acts.

1   (7) Violation of California Unfair Competition Law (UCL); (8) Violation of California Penal Code
2   § 502. ECF No. 1. Plaintiff also filed a declaration stating it attempted service of the complaint
3   and application for TRO by e-mailing a copy to Cook's personal e-mail address and causing
4   copies to be hand-delivered to Cook's last known home address. ECF No. 2-4.

## II.    JURISDICTION

This Court has jurisdiction over this action pursuant to the DTSA and 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiff's remaining claims pursuant to 28 U.S.C. § 1367. Further, a federal district court may issue an injunction to preserve the status quo even when subject matter jurisdiction is disputed or unclear. U.S. v. United Mine Workers of Am., 330 U.S. 258, 293 (1947).

## III.   LEGAL STANDARD

The same legal standard applies to a motion for a temporary restraining order and a motion for a preliminary injunction. See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n. 7 (9th Cir. 2001). A plaintiff seeking either remedy "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Associations, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting Winter v. Nat. Resources Defense Council, 555 U.S. 7, 20 (2008)). Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter, 555 U.S. at 22.

To grant preliminary injunctive relief, a court must find that "a certain threshold showing is made on each factor." Leiva-Perez v. Holder, 640 F.3d 962, 966 (9th Cir. 2011). Provided that this has occurred, in balancing the four factors, "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011).

In addition, a movant seeking the issuance of an ex parte TRO must satisfy Federal Rule of

3

1  Civil Procedure 65(b), which requires a showing "that immediate and irreparable injury, loss, or
2  damage will result to the movant before the adverse party can be heard in opposition" and
3  certification of "efforts made to give notice and the reasons why it should not be required." Fed.
4  R. Civ. P. 65(b)(1).

**IV.   DISCUSSION**

Plaintiff requests a TRO that prevents Cook from "accessing, using, disclosing, or making available" any of HSI's confidential data, from violating any of her agreements with HSI, and from soliciting, contacting, or accepting business from any HSI customers assigned to her while she was employed by Plaintiff. ECF No. 2-5 at 4. In addition, Plaintiff also requests that Cook be ordered to preserve all evidence related to this case pursuant to Fed. R. Civ. Pro. 26(d)(1) and be enjoined from altering, destroying, or disposing of any materials related to this action, including any confidential information she obtained from HSI. Id. at 3. Finally, Plaintiff requests, both in its proposed TRO and as a motion for expedited discovery, that it be allowed to obtain "mirrors" of all data stored on Cook's personal devices, and to subpoena the Patterson entities and obtain other discovery from Cook. ECF No. 2-5 at 4-5. The Court will grant Plaintiff's first two requests but deny without prejudice its request to obtain mirrors from Cook and early discovery.

**A.   TRO**

**1.   Likelihood of Irreparable Injury**

Plaintiff contends there is a likelihood of irreparable injury by virtue of Defendant's "exploiting or disclosing HSI's trade secret and other confidential information; violating her confidentiality obligation to HSI; or soliciting business from HSI's customers whose accounts she was assigned while at HSI." ECF No. 2-1 at 14. They allege that Cook had access to, and downloaded, "information related to HSI's customers, products, margins, profit percentages, credit profiles, preferences and markets, particularly with respect to the customers assigned to her," and that this data was created "using proprietary HSI software." ECF No. 2-1 at 7. They further allege that Cook has used this information and made other efforts to divert customers from HSI to her new employer, Patterson. Id. at 14.

Customer information such as sales history and customer needs and preferences constitute

4

trade secrets. MAI Sys. Corp. v. Peak Computer, Inc., 991 F.2d 511, 521 (9th Cir. 1993). Further, "[e]vidence of threatened loss of prospective customers or goodwill certainly supports a finding of the possibility of irreparable harm." Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 841 (9th Cir. 2001) (citation omitted). Here, Plaintiff has shown there is a likelihood that it will lose established customer relationships as well as the economic value of its accumulated data on current and prospective customers. These harms would likely be irreparable. See, e.g., Tom Doherty Associates, Inc. v. Saban Entm't, Inc., 60 F.3d 27, 38 (2d Cir. 1995) (irreparable harm exists when there is "a threatened imminent loss that will be very difficult to quantify at trial."). In addition, it appears this loss may occur before Cook may be heard in opposition, as Plaintiff has alleged that Cook has already misappropriated HSI's customer information and sought to solicit and divert customers.

Accordingly, Plaintiff has demonstrated a likelihood of irreparable harm.

### 2. Likelihood of Success on the Merits

Plaintiff has brought claims under the DTSA, CUTSA, UCL, and for breach of contract, among other claims. It contends that Defendant has used "improper means" to obtain its protected customer-related information as defined by both the DTSA and CUTSA. ECF No. 2-1 at 16-17; see also 18 U.S.C. § 1839(6) (defining "improper means" as "theft, bribery, misrepresentation, breach or inducement of a breach of a duty to maintain secrecy, or espionage through electronic or other means"); Cal. Civ. Code § 3426.1(a) (defining "improper means" as "theft, bribery, misrepresentation, breach or inducement of a breach of a duty to maintain secrecy, or espionage through electronic or other means").

Plaintiff has alleged that Defendant e-mailed and downloaded, to her personal devices, confidential information from HSI before leaving her employment to work at a competitor. It has also provided copies of a Confidential and Non-Solicitation Agreement and a Letter Agreement with provisions for confidentiality and non-solicitation, both of which appear to be signed by Cook, as exhibits to its complaint. ECF No. 1 at 24-29. In light of these contentions, the Court concludes that Plaintiff is likely to succeed on the merits.

### 3. Balance of Hardships

Plaintiff contends that it "has suffered and will continue to suffer irreparable harm if Cook is allowed to continue to try to divert its customers using HSI's own confidential, proprietary, and trade secret documents and information." ECF No. 2-1 at 24. "By contrast, Cook will suffer no undue hardship" because she would not be prohibited from "engaging in activity that is proper." Id. Notably, HSI has not requested that Cook be enjoined from soliciting any and all business, but rather only from soliciting HSI customers to which she was assigned – conduct that is already prohibited under the provisions of the Confidentiality and Non-Solicitation Agreement. Accordingly, the Court concludes the balance of equities tips in favor of granting the TRO. See Dish Network L.L.C. v. Ramirez, No. 15-CV-04712-BLF, 2016 WL 3092184, at *7 (N.D. Cal. June 2, 2016) (balance of hardships tips in favor of plaintiff seeking injunction when it would "do no more than require Defendant to comply with federal and state . . . laws" (citation omitted)).

### 4. Public Interest

Similarly, the public interest is served when defendant is asked to do no more than abide by trade laws and the obligations of contractual agreements signed with her employer. Public interest is also served by enabling the protection of trade secrets. Bank of Am., N.A. v. Lee, No. CV 08-5546 CAS(JWJX), 2008 WL 4351348, at *7 (C.D. Cal. Sept. 22, 2008).

Accordingly, the Court concludes that all four factors for a TRO have been met and will grant the requested TRO prohibiting Defendant from accessing or using HSI information and from contacting or soliciting HSI customers. Plaintiff argues that no bond should be required because the TRO will not cause any damage to Cook's legitimate business, and further because she agreed, in her employment agreements with HSI, that HSI may seek injunctive relief without a bond. ECF No. 2-1 at 25. The Court agrees, and concludes no bond is required.

### B. Document Preservation and Early Discovery

Plaintiff has also made several requests in regards to preserving materials that Cook allegedly misappropriated from HSI and evidence of this misappropriation, and to preventing Cook from attempting to destroy this evidence. First, they request that the Court order Cook to preserve all documents, data, tangible things, and other materials relating to the case, and further

that she not alter, destroy, or dispose of any evidence or materials related to this case. ECF No. 2-5 at 3. This is a reasonable request – indeed, litigants are generally obligated to maintain and preserve all documents, data, and tangible things that may be related to the litigation, pursuant to Fed. R. Civ. Pro. 26(a) and 37(e). Accordingly, the Court will grant this request.

However, Plaintiff has also requested, both in its proposed TRO and a motion for expedited discovery, that Plaintiff be able immediately to obtain, through a forensics expert, a "clone" or "mirror image" of data in Cook's personal e-mail accounts, her personal iPad, iPhone, computers, other mobile devices, and any other computer storage drives. ECF No. 2-5 at 4. It further requests expedited discovery in the form of subpoenas issued to "non-party Patterson Dental, and the Patterson Companies, Inc.," and "expedited discovery demands on Defendant Cook." Id. at 5. It contends that because Cook has already sought to destroy evidence – by deleting her e-mails from her work account to her personal account – it is likely she will attempt to do so again. ECF No. 2-1 at 15.

This argument does not justify an intrusion into Cook's personal data and devices without first providing Cook an opportunity to respond to Plaintiff's contentions. Cook will already be obligated, under both the Federal Rules of Civil Procedure and this order, to avoid altering, damaging, or destroying any evidence, electronic or otherwise, that is related to this litigation. If she nevertheless fails to comply with this obligation, Plaintiff may move for sanctions or other appropriate remedies. Further, while this Court recognizes Plaintiff's allegations that Cook has previously attempted to cover her tracks, it also notes that HSI was nevertheless able to obtain evidence of her alleged misconduct through reviewing the e-mails "set for deletion" and "still on HSI's system." ECF No. 2-1.

Accordingly, the Court concludes that Plaintiff's *ex parte* request to obtain mirrors of data on Cook's personal devices is not warranted. To the extent Plaintiff requests this as part of its TRO, the Court concludes it has not demonstrated that the balance of hardships tips in its favor, given the significant intrusion into Cook's personal data with no opportunity for Cook to respond. For the same reasons, Plaintiff has not demonstrated good cause for early discovery. See Grooms v. Legge, No. 09CV489-IEG-POR, 2009 WL 704644, at *12 (S.D. Cal. Mar. 17, 2009) ("Good

7

1   cause may be found where the need for expedited discovery, in consideration of the administration
2   of justice, outweighs the prejudice to the responding party.").

    Plaintiff's cited case law does not compel otherwise.  In both <u>KLA-Tencor Corp. v. Murphy</u>, 717 F. Supp. 2d 895, 898 (N.D. Cal. 2010) and <u>Grooms v. Legge</u>, No. 09CV489-IEG-POR, 2009 WL 704644, at *12 (S.D. Cal. Mar. 17, 2009), the approved expedited discovery was in the form of oral depositions and written interrogatories, requests for identification, and production of documents.  Here, by contrast, Plaintiff has requested an intrusive excursion into Cook's private data, much of which is likely unrelated to this case.

    In regards to Plaintiff's request for expedited discovery in the form of subpoenas, the Court concludes HSI has not demonstrated good cause.  While subpoenas of Patterson entities and other discovery directed at Cook may certainly be appropriate at a later stage, Plaintiff has offered no reason why this discovery must be taken immediately.  Accordingly, Plaintiff's request for expedited discovery is denied without prejudice.

## CONCLUSION

The Court hereby GRANTS IN PART Plaintiff's ex parte application for a temporary restraining order as follows:

1.   Pursuant to Federal Rule of Civil Procedure 26(d)(1), Defendant shall immediately preserve all documents, data, tangible things, and other materials relating to this case, including, without limitation, emails, data, data bases, cloud storage, and paper and electronic data and documents, including any and all metadata, and shall take all steps necessary to do so.

2.   Defendant, and all those acting in concert or participation with her, are hereby enjoined from altering, destroying, or disposing of any evidence or other materials, in any form, relating to this action and the issues raised herein, including, without limitation, all devices, electronic media, cloud storage, and all copies of any and all documents, media and/or other materials, containing, identifying, describing, reflecting or referencing HSI's confidential, proprietary, or trade secret information, and any and all documents, data and information which was obtained by Cook from, or by virtue of her employment with, HSI,

8

including all current or archived media, emails, chats, texts, documents, electronic logs, metadata, storage and directories

3.   Defendant, and all those acting in concert or participation with her, are hereby enjoined from directly or indirectly accessing, using, disclosing, or making available to any person or entity other than Plaintiff, any of HSI's confidential, proprietary, or trade secret documents, data or information.

4.   Defendant, and all those acting in concert or participation with her, are hereby enjoined from directly or indirectly violating or interfering with the confidentiality obligations of her agreements with HSI.

5.   Defendant, and all those acting in concert or participation with her, are hereby enjoined from, directly or indirectly, soliciting, continuing to solicit, initiating contact with, or accepting business from, any HSI customers whose accounts were assigned to her while she was employed by HSI.

6.   The Court concludes that no bond need by posted by HSI.

7.   The Court denies Plaintiff's request for a TRO directing a forensics expert to obtain mirrors of Plaintiff's data and personal devices. It denies without prejudice Plaintiff's request for expedited discovery.

8.   This temporary restraining order shall remain in effect through June 21, 2016, or unless further extended by order of the Court.

9.   A hearing on whether to issue a preliminary injunction will be held on June 21, 2016 at 2:00 p.m. in Courtroom 9, 19th Floor, 450 Golden Gate Ave., San Francisco, California.

10.  Defendant may, but is not required to, file a written response to Plaintiff's motion for preliminary injunction by Monday, June 20 at 12:00 p.m. The Court will not entertain a reply.

/ / /

/ / /

/ / /

1. 11.  Plaintiff shall immediately serve a copy of this order on Defendant, and shall file a certificate of service within forty-eight hours of this order's issuance.  The certificate of service must describe the efforts made at service and when the efforts were made.

IT IS SO ORDERED.

Dated:  June 10, 2016



JON S. TIGAR
United States District Judge