UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY SCHEIN, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JENNIFER COOK, et al.,<br><br>　　　　Defendants. | Case No. 16-cv-03166-JST<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT JENNIFER COOK'S MOTION TO DISMISS**<br><br>Re: ECF No. 49 |

Before the Court is Defendant Jennifer Cook's ("Cook") Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6). ECF No. 49. Cook moves to dismiss Plaintiff Henry Schein, Inc.'s ("HSI") third, fourth, sixth, seventh, eighth, and ninth causes of action. The Court will grant the motion in part and deny it in part.

## I.   BACKGROUND[1]

Cook worked for HSI, a dental supply company, as a Field Sales Consultant from April 2005 until her resignation on May 13, 2016. HSI alleges that, during her employment, Cook misappropriated HSI's "property, and its confidential and proprietary documents and information, including its trade secrets," and provided this information to HSI's competitor, Patterson Dental Supply, Inc. ("Patterson"), where Cook is now employed. ECF No. 41, First Amended Complaint ("FAC") ¶ 2.[2] Cook also attempted to divert customers from HSI to Patterson and "introduced Patterson employee(s) to HSI's customer(s) in personal meetings conducted while Cook was

---

[1] HSI also markets, distributes, and sells supplies, equipment, and other healthcare products to medical and veterinary practitioners. FAC ¶ 6.

[2] On a motion to dismiss, courts must proceed "on the assumption that all the allegations in the complaint are true." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007).

employed by [HSI]." FAC ¶¶ 2-3.

During her employment, Cook entered into several written agreements with HSI, including a Letter Agreement dated February 2011. FAC ¶ 12. By signing the Letter Agreement, Cook agreed to "hold in strictest confidence any and all confidential information" belonging to HSI, to not solicit any customer on behalf of HSI's competitors while employed by HSI, and that upon termination she would immediately return all confidential and proprietary information belonging to HSI. FAC ¶¶ 15-17.

Despite these promises, on April 20, 2016, Cook entered into an employment agreement with Patterson and began working on Patterson's behalf while still employed at HSI. FAC ¶ 41. Cook downloaded "large amounts of password-protected, competitively sensitive and highly valuable trade secret material" and "relayed this stolen data to Patterson." FAC ¶ 41.[3] Prior to her departure, Cook "loot[ed] [HSI's] confidential, proprietary, and trade secret documents and information" by "sending emails containing [HSI's] trade secret reports and other information, surreptitiously, from her Company email account to her personal email accounts." FAC ¶ 34. Cook also "'exported' ten reports from [HSI's] web based program," containing "essentially all of the information that HSI has relevant to an account," to her local device. FAC ¶ 36.

Moreover, between April 20 and May 13, Cook "solicited certain HSI customers . . . to move their business to Patterson," "negotiated pricing at Patterson for certain HSI customers," "assisted Patterson in setting up accounts for customers whom she planned to switch from HSI to Patterson," and "assisted Patterson in identifying and stocking inventories of products" for HSI customers. FAC ¶ 45. Cook visited HSI customers in an effort to introduce the customers to Patterson and encourage them to make Patterson their principal supplier. FAC ¶ 46. Cook also deleted HSI ordering icons from customers' computers, threw away HSI catalogues and business cards, and told customers they were moving to Patterson with Cook. FAC ¶ 47.

---

[3] HSI Consultants have access to the company's confidential data through a password-protected website and web-accessible "apps." FAC ¶¶ 26-27. These allow consultants to obtain comprehensive reports detailing HSI customers' purchasing habits, preferences, and other aspects of the customers' relationship with HSI, which HSI has spent "substantial amounts of time, energy, and money to compile and analyze." FAC ¶ 27-28.

1     HSI claims Cook's wrongful actions continued after she resigned from her position. On
2  May 14, 2016, the day after Cook terminated her employment with HSI, Cook accessed the HSI
3  web-based app, "which would have enabled her to obtain all of [HSI's] ordering and sales
4  information" for her assigned customers. FAC ¶ 39.

5     HSI's FAC, filed November 7, 2016, alleges twelve causes of action. Those relevant to the
6  motion to dismiss are: (3) breach of fiduciary duty and duty of loyalty; (4) breach of written
7  contract; (6) tortious interference with prospective economic relations; (7) unfair competition
8  under California Business and Professions Code section 17200; (8) violation of California Penal
9  Code section 502; and (9) conversion. FAC ¶ 4. Cook moves to dismiss the third, sixth, seventh,
10 eighth, and ninth claims on the ground that they are preempted by the California Uniform Trade
11 Secrets Act ("CUTSA"). Cal. Civ. Code §§ 3426-3426.11. Cook moves to dismiss HSI's breach
12 of contract claim on the ground that the underlying contract is void due to an unenforceable non-
13 competition provision. ECF No. 49 at 7.

## II.  LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" which gives "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Fed. R. Civ. P. 8(a)(2); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 663.

## III. DISCUSSION

### A.  Preemption Under the California Uniform Trade Secrets Act

The CUTSA prohibits and provides remedies for the misappropriation of trade secrets. Cal. Civ. Code §§ 3426-3426.11. The CUTSA preempts a common law claim when it is "based on the same nucleus of facts" as a misappropriation of trade secrets claim. Digital Envoy, Inc. v. Google, Inc., 370 F. Supp. 2d 1025, 1033-35 (N.D. Cal. 2005); K.C. Multimedia, Inc. v. Bank of

3

Am. Tech. & Operations, Inc., 171 Cal. App. 4th 939, 955 (Cal. Ct. App. 2009).  Three types of cases are *not* preempted by the CUTSA: (1) breach of contract claims; (2) criminal remedies; and (3) any claim not based on the misappropriation of trade secrets.  See Cal. Civ. Code §§ 3426.7(a)-(b); First Advantage Background Servs. Corp. v. Private Eyes, Inc., 569 F. Supp. 2d 929, 936 (N.D. Cal. 2008).  The preemption inquiry is a factual one, focusing on "whether 'other claims are no more than a restatement of the same operative facts' supporting trade secret misappropriation." Convolve, Inc. v. Compaq Computer, Inc., No. 00 CV 5141(GBD), 2006 WL 839022, at *6 (S.D.N.Y. Mar. 31, 2006) (quoting Penalty Kick Mgmt. Ltd. v. Coca Cola Co., 318 F.3d 1284, 1298 (11th Cir. 2003)) (applying California law); Callaway Golf v. Dunlop Slazenger Group Americas, Inc., 318 F. Supp. 2d 216, 220 (D. Del. 2004) (same).  In other words, the CUTSA preempts a common law claim when, after the facts relating to trade secrets are removed, there are insufficient facts for the claim to survive.  Axis Imex, Inc. v. Sunset Bay Rattan, Inc., No. C 08-3931 RS, 2009 WL 55178, at *5 (N.D. Cal. Jan. 7, 2009).

Cook argues that the Court should dismiss the third, sixth, seventh, eighth, and ninth claims because they arise out of the same facts as HSI's CUTSA claim, and are thus preempted. Digital Envoy, Inc., 370 F. Supp. 2d at 1035; K.C. Multimedia, Inc., 171 Cal. App. 4th at 955. HSI's CUTSA claim alleges that Cook misappropriated trade secrets by "'updating' her computer programs when she was about to resign, by downloading and then sending to Defendant Patterson, [HSI's] confidential documents and information, and thereafter, by exporting confidential documents and information to herself and to Defendant Patterson."  FAC ¶ 72.  Although the FAC does not specify which allegations pertain to the common law causes of action (instead vaguely incorporating all prior allegations by reference within each cause of action),[4] the Court finds that the third, sixth, and seventh causes of action are not based on the same nucleus of facts as the CUTSA claim and therefore are not preempted by the CUTSA.[5]  The eighth and ninth causes of

---

[4] "The mantra 'incorporated by reference' is not sacrosanct, and under a rule of liberal interpretation cannot defeat an otherwise adequate pleading."  Ludgate Ins. Co. v. Lockheed Martin Corp., 82 Cal. App. 4th 592, 609 (Cal. Ct. App. 2000).

[5] In its opposition to Cook's motion to dismiss, HSI relied on deposition testimony that was not included in the FAC and is thus outside the four corners of the pleadings.  ECF No. 53 at 10-11,

4

action, however, are preempted.

### 1. Third Cause of Action (Breach of Fiduciary Duty/Duty of Loyalty)

Cook argues that the third cause of action should be dismissed because it is based on the same nucleus of facts as HSI's misappropriation of trade secrets claim. ECF No. 49 at 12. A breach of fiduciary duty/duty of loyalty claim requires: (1) the existence of a relationship that gives rise to a duty of loyalty; (2) breach of that duty; and (3) damages. Hong Que, Inc. v. Luu, 150 Cal. App. 4th 400, 410 (Cal. Ct. App. 2007). HSI alleges that Cook breached her duty by "scheming to deceive and defraud [HSI]," "misappropriating and stealing HSI's confidential and trade secret information and other property," and attempting to solicit and divert customers away from HSI. FAC ¶ 82. HSI's FAC also incorporates by reference its previous allegations that, while still employed at HSI, Cook: solicited certain HSI customers to move their business to Patterson; negotiated pricing on behalf of Patterson for certain customers; and assisted Patterson in setting up accounts for customers who would switch from HSI to Patterson. FAC ¶ 45. The FAC also alleges that Cook, accompanied by Patterson, visited HSI customers to encourage them to switch to Patterson, and she "deleted the HSI product ordering icons from the customers' computers, threw away HSI catalogues and representatives' business cards, and told the customers they were moving to Patterson with her." FAC ¶ 46-47.

The allegations in HSI's breach of fiduciary duty and duty of loyalty claim do not merely restate the same facts as the CUTSA claim. For example, Cook did not necessarily rely on HSI's trade secrets when she solicited customers to move their business to Patterson, when she introduced customers to Patterson, or when she deleted HSI ordering icons from customers' computers and told customers they were moving to Patterson with her. FAC ¶¶ 45-47. These separate allegations are sufficient to state a claim for breach of fiduciary duty/duty of loyalty that is not preempted by the CUTSA. See Robert Half Int'l, Inc. v. Ainsworth, 68 F. Supp. 3d 1178, 1190 (S.D. Cal. 2014) (holding that the CUTSA does not preempt a breach of fiduciary duty claim if the allegations do not require the use of a trade secret or confidential or proprietary information,

---

16. The Court did not rely on the improper deposition testimony when reaching this decision.

such as soliciting a plaintiff's employees to work for a competitor or misleading a plaintiff's clients into believing the plaintiff does not want their business).

### 2. Sixth Cause of Action (Tortious Interference with Prospective Economic Relations)

Next, HSI claims Cook intentionally interfered with its business expectancy and customer relationships. FAC ¶ 99-101. A claim for tortious interference with prospective economic advantage must allege: 1) an economic relationship "containing the probability of future economic benefit"; 2) knowledge by the defendant of the relationship; 3) acts by defendant to disrupt the relationship; 4) actual disruption of the relationship; and 5) damages proximately caused by the defendant. Della Penna v. Toyota Motor Sales, U.S.A., Inc., 11 Cal. 4th 376, 380 n.1 (1995). HSI alleges that Cook intentionally diverted existing and prospective accounts through "fraudulent and deceitful conduct, such as that alleged herein, and other conduct that may be discovered." FAC ¶ 101. Again, HSI incorporates by reference "prior allegations of this Complaint." FAC ¶ 98.

The Court does not find, as Cook argues, that these allegations "necessarily imply and rely upon Cook's alleged misappropriation of . . . trade secrets." ECF No. 49 at 13. Cook entered into an employment agreement and began working on behalf of Patterson in April 2016, while still employed at HSI. During this period, she solicited customers to move their business from HSI to Patterson, negotiated prices on behalf of HSI's competitor, and visited the offices of HSI customers in an effort to introduce or encourage customers to switch to Patterson. FAC ¶ 45-47. The FAC does not allege that Cook relied on any misappropriated data when she took those actions. Therefore, HSI's tortious interference claim is not preempted by the CUTSA. See SMC Networks, Inc. v. Hitron Techs. Inc., No. SACV 12-1293-JLS (RNBx), 2013 WL 12114104, at *11 (C.D. Cal. Nov. 13, 2013) (holding that the CUTSA does not preempt a claim for interference with economic advantage where the claim is predicated on a defendant soliciting a plaintiff's customer to give its business to a competitor).

### 3. Seventh Cause of Action (Unfair Competition)

Nor is HSI's seventh cause of action preempted by the CUTSA. The California Unfair Competition Law ("UCL") provides remedies for any person injured by any "unlawful, unfair or

6

fraudulent business act or practice." Cal. Bus. & Prof. Code §§ 17200-17210.  HSI alleges that Cook "knowingly performed acts to pirate away the fruits of [HSI's] assets, efforts and customer base, including . . . interfering with the prospective economic advantage HSI has with its customers, deceiving the customers, diverting the customers while employed by [HSI], [and] diverting and attempting to divert customers through use of trade secrets misappropriated from [HSI]." FAC ¶ 106.  The Court acknowledges that the last allegation relates to trade secrets.  Nonetheless, the claim is not preempted because it contains several allegations, like deceiving HSI's customers, that do not necessarily implicate Cook's misappropriation of HSI's trade secrets.  See Angelica Textiles Servs., Inc. v. Park, 220 Cal. App. 4th 495, 499, 508 (Cal. Ct. App. 2013) (holding that the CUTSA does not preempt an unfair competition claim based on wrongful conduct entirely independent of the misappropriation of a trade secret, such as the violation of the duty of loyalty involving an employee who disparaged his employer and negotiated contract provisions that allowed customers to take their business to the employee's new employer).

### 4. Eighth Cause of Action (Violation of Cal. Pen. Code § 502)

In addition to arguing preemption, Cook moves to dismiss HSI's eighth cause of action for failing to state a claim under California Penal Code section 502, the Comprehensive Computer Data Access and Fraud Act ("CCDAFA").  Section 502 imposes liability on any person who "knowingly accesses and without permission takes, copies, or makes use of any data from a computer, computer system, or computer network . . . ." Cal. Penal Code § 502(c)(2).  Cook argues that section 502 only applies if the individual accesses or uses a computer network or website in a "manner that overcomes technical or code-based barriers." ECF No. 49 at 16 (citing In re Facebook Privacy Litig., 791 F. Supp. 2d 705, 715 (N.D. Cal. 2011) (internal citation omitted)).  Because HSI did not allege that Cook circumvented a technical or code-based barrier, Cook argues that HSI cannot state a claim under section 502.

Prior to 2016, there was a split of authority in the Northern District of California as to what "without permission" means under section 502.  Compare In re Facebook Privacy Litig., 791 F. Supp. 2d at 715 (holding that "without permission" requires the user to overcome technical or code-based barriers), with Wiengand v. Hardland Fin. Solutions, Inc., No. C-11-3109 EMC, 2012

1  WL 2327660, at *4-6 (N.D. Cal. June 19, 2012) (holding that a terminated employee's use of valid
2  login credentials to access the former employer's computer system was sufficient to state a section
3  502 claim).  The Ninth Circuit recently held, however, that section 502 only requires knowing
4  access, not unauthorized access.  United States v. Christensen, 828 F.3d 763, 789 (9th Cir. 2016).
5  The Court concluded that the term "access" as defined in section 502 includes "logging into a
6  database with a valid password and subsequently taking, copying, or using the information in the
7  database improperly."  Id.  Because "state case law is yet undeveloped on this issue" and "the
8  California Supreme Court has never ruled on the definition of access in § 502(c)(2)," this Court
9  will follow the Ninth Circuit's ruling that using valid login credentials and subsequently misusing
10 the information obtained constitutes a section 502 violation.  Christensen, 828 F.3d at 790 (citing
11 Hagan v. Caspari, 50 F.3d 542, 547 (8th Cir. 1995)).

12       Under this interpretation, HSI's allegations are sufficient to state a section 502 claim.  The
13 day after Cook terminated her employment, Cook logged onto HSI's computer system to access
14 ordering and sales information, FAC ¶ 39, and "copied and/or made use of" the information
15 without HSI's permission, FAC ¶ 111.  These facts are sufficient to state a claim that Cook
16 violated section 502.  See Facebook, Inc. v. Power Ventures, Inc., 844 F.3d 1058, 1069 (9th Cir.
17 2016) (holding that continuing to access an individual's computer system after receiving a cease
18 and desist letter and making use of the data therein satisfies the elements of section 502).

19       Cook argues in the alternative that the CUTSA preempts HSI's section 502 claim.
20 Because HSI's section 502 claim cannot survive after the trade secrets facts are removed, the
21 Court agrees that the claim is preempted.[6]  Section 502(c)(2) has two requirements: (1) the
22 defendant knowingly accesses a computer system; and (2) without permission takes, copies, or
23 makes use of the data therein.  HSI alleges that Cook knowingly accessed HSI's password-

---

[6] The FAC does not specify which provision of section 502 Cook violated. Based on the allegation that Cook *copied* and *made use* of the data on HSI's computer, FAC ¶ 111, the Court infers that the claim pertains to section 502(c)(2). Because subsections 502(c)(1) and 502(c)(2) both have a "use" element, the distinction is immaterial. See People v. Tillotson, 157 Cal. App. 4th 517, 538 (Cal. Ct. App. 2008) (finding jury instructions improper where they omit the use element of a section 502(c)(1) claim, thereby allowing a jury to convict based only on the defendant's knowing access and unlawful purpose).

8

protected computer system after she terminated her employment, which then enabled her to copy and make use of HSI's trade secrets. FAC ¶¶ 39, 111. HSI cannot plausibly allege the second "use" element of section 502(c)(2) without relying on facts from its CUTSA claim. Therefore, the CUTSA preempts HSI's section 502 claim.

### 5. Ninth Cause of Action (Conversion)

Finally, Cook argues HSI's ninth cause of action should be dismissed on preemption grounds. The Court agrees. To show conversion, HSI alleges that Cook "intentionally and substantially accessed, interfered, and took possession of HSI's property by converting, stealing and taking HSI reports, inventory lists, customer account lists, purchase history logs, and other spreadsheets, pdfs or documents, without HSI's knowledge or consent." FAC ¶ 118. These are the same facts that support HSI's CUTSA claim. HSI responds that the conversion claim is not preempted "to the extent it alleges Cook took physical HSI company property and documents with her when she resigned." ECF No. 53 at 20 (citing Angelica Textile Servs., 220 Cal. App. 4th at 508). First, according to the FAC, Cook took all the information electronically. E.g., FAC ¶¶ 34-36 (listing each instance where Cook emailed HSI documents to her personal email accounts). Second, even if Cook did convert physical property in the form of "HSI reports, inventory lists, customer account lists, purchase history logs, and other spreadsheets, pdfs or documents," the claim would still be preempted. The CUTSA preempts conversion claims unless the value of the converted property is rooted in something other than the information it contains. TMC Aerospace, Inc. v. Elbit Sys. of Am. LLC, No. CV 15-07595-AB (Ex), 2016 WL 3475322, at *7 (C.D. Cal. Jan. 29, 2016). HSI has not alleged how the converted documents have value other than that which is derived from their status as trade secrets. Without such a showing, the conversion claim is based on the same facts as the misappropriation of trade secrets and is therefore preempted.

### B. Fourth Cause of Action (Breach of Written Contract)

Cook argues that the contract provision she allegedly violated is void and unenforceable because it unlawfully restricts Cook's ability to engage in a "lawful profession, trade, or business" under California Business and Professions Code section 16600. ECF No. 49 at 19. Section 16600 states that "every contract by which anyone is restrained from engaging in a lawful profession,

trade, or business of any kind is to that extent void." Cal. Bus. & Prof. Code § 16600. California courts have invalidated "provisions in employment contracts prohibiting an employee from working for a competitor after completion of his employment or imposing a penalty if he does so." Muggill v. Reuben H. Donnelley Corp., 62 Cal. 2d 239, 242 (1965). Courts may "either sever an unconscionable provision from an agreement, or refuse to enforce the agreement in its entirety." Pokorny v. Quixtar, Inc., 601 F.3d 987, 1005 (9th Cir. 2010). "In exercising this discretion, courts look to whether the central purpose of the contract is tainted with illegality or the illegality is collateral to its main purpose." Ingle v. Circuit City Stores, Inc., 328 F.3d 1165, 1180 (9th Cir. 2003) (internal quotation marks and alterations omitted).

Here, Cook "agree[d] that, during her employment with HSD, and for a period of twelve (12) months after termination of [Cook]'s employment . . . [Cook] will not . . . compete with the company," ask or suggest to customers that they use a supplier other than HSI, or "endeavor to cause" an employee to leave HSI.[7] ECF No. 41-2 at 3-4. The Court has already explained why this provision is unenforceable under section 16600. See ECF No. 19 at 10-11 (ruling on HSI's request for preliminary injunction). However, courts have discretion to sever an unconscionable portion of the contract if it is merely collateral to the agreement. Ingle v. Circuit City Stores, Inc., 328 F.3d at 1180. Here, the Court finds that the portion of the contract stating "and for a period of twelve (12) months after termination of Representative's employment with HSD" is merely collateral to the remainder of the provision. The Court will enforce the provision only to the extent that it restricted Cook's conduct during her employment.

Even with the Letter Agreement limited in this way, the Court finds that HSI has adequately stated a claim for breach of contract. According to HSI, "while [Cook] was employed by [HSI], Cook worked actively with Patterson against [HSI's] interests," provided Patterson with HSI's confidential trade secret information, and worked with Patterson to solicit and divert customers away from HIS. FAC ¶ 42-45. Prior to her resignation, Cook also "made

---

[7] HSI did not dispute Cook's claim that the Letter Agreement supersedes the Confidentiality Agreement. ECF No. 53 at 20-22. The Court therefore considered the fourth cause of action only with regard to the breach of the Letter Agreement.

misrepresentations to [HSI's] customers," "introduced Patterson management to certain of [HSI's] Customers," and "unfairly competed with [HSI]." FAC ¶ 90. These allegations, if true, would constitute violations of the Letter Agreement, and are sufficient to state a breach of contract claim.

## CONCLUSION

The Court DENIES in part and GRANTS in part Cook's motion to dismiss. The motion is denied with respect to HSI's third, fourth, sixth, and seventh causes of action. The Court grants the motion without prejudice with respect to the eighth and ninth causes of action. Any amended complaint must be filed within ten court days of this order.

IT IS SO ORDERED.

Dated: March 1, 2017

_____
JON S. TIGAR
United States District Judge